Below is an Order of the Court.

RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

```
In Re:                              ) Bankruptcy Case
                                    ) No. 07-32533-rld7
Kathie Jo Lustig,                   )
                                    )
                  Debtor.           )
_____ )
                                    )
Kathie Jo Lustig,                   ) Adv. Proc. No. 07-03267-rld
                                    )
                  Plaintiff,        )
                                    ) MEMORANDUM
       v.                           ) (Motion for Reconsideration)
                                    )
U.S. Department of Education,       )
                                    )
                  Defendant.        )
_____
```

On November 25, 2008, I entered a memorandum in this adversary proceeding in which I set forth the basis for denying the motion to recuse plaintiff had filed on November 21, 2008. Also on November 25, 2008, I entered the order ("Order") denying plaintiff's motion to recuse. Plaintiff now has filed a motion ("Motion") for reconsideration of the Order.

Page 1 - MEMORANDUM (Motion for Reconsideration)

Although the Order is interlocutory,[1] I apply the same standards for reconsideration I would apply to a final, appealable order.

The Ninth Circuit views a motion for reconsideration as "analogous to a motion for new trial or to alter or amend the [order] pursuant to FRCP 59 as incorporated by Rule 9023." United Student Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 204, 209 (9th Cir. BAP 2006). Further, the Ninth Circuit has held that reconsideration is appropriate only if the moving party can demonstrate that one of the following grounds applies: (1) manifest error of law; (2) manifest error of fact; or (3) newly discovered evidence. See Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978); Ankeny v. Meyer (In re Ankeny), 184 B.R. 64, 73 (9th Cir. BAP 1995).

Plaintiff states she has filed the Motion to clarify the grounds for her motion to recuse. First, Plaintiff asserts that she is a material witness in an appeal that involves my actions in a prior unrelated case to which she was not a party. This assertion cannot serve as a basis for my recusal, because appellate review does not involve the taking of evidence. Plaintiff was not a witness in the unrelated case, and as a result, nothing relating to her can ever be considered a part of the evidentiary record on appeal in that unrelated matter. Second, Plaintiff asserts that I have personal knowledge of the complaints she has filed against unnamed California judges, resulting in serious conflicts of interest. I have no such personal knowledge. Even if I did, that would not rise to the level of a "conflict of interest."

---

[1] See U.S. v. Washington, 573 F.2d 1121, 1122 (9th Cir. 1978) (denial of a motion to disqualify the trial judge is not a final order).

Page 2 - MEMORANDUM (Motion for Reconsideration)

Plaintiff further contends that the Order was based on incorrect interpretation of her assertions in the motion to recuse. However, the fact remains that Plaintiff seeks recusal based on (1) my judicial decisions in an unrelated case, and (2) the existence of proceedings involving judges in California.

A motion for reconsideration is not a second opportunity to raise a matter previously decided. Instead, it provides an opportunity to correct "manifest error" or to present "newly discovered" evidence. Neither basis for reconsideration raised by Plaintiff demonstrates a manifest error of law, a manifest error of fact, or newly discovered evidence as required for Plaintiff to prevail on the Motion. Further, neither basis touches upon any dispute before me in this adversary proceeding, which is a proceeding limited to determining the dischargeability of Plaintiff's student loan obligations, a matter which involves the application of standards identified in existing Ninth Circuit case law. If Plaintiff ultimately is dissatisfied with my decision in this adversary proceeding, she will have the option to seek review from an appellate court.

###

cc: Kathie Jo Lustig
Suzanne A. Bratis

Page 3 - MEMORANDUM (Motion for Reconsideration)